[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed an amended complaint in two counts, intentional assault and negligence, seeking money damages for personal injuries and losses allegedly caused by the defendant in an incident which occurred on May 15, 1992, on Center Street in Wallingford, Connecticut.
The defendant has denied or pleaded insufficient knowledge as "to all of the allegations of the amended complaint. In addition, the defendant has filed a counterclaim alleging that the plaintiff's actions caused the defendant to suffer certain personal injuries and business losses.
The defendant owns and operates a restaurant and bar known as Lenny's Cafe on Center Street in Wallingford. The parties agree that at approximately 9:00 p. m. on May 15, 1992 the plaintiff entered the bar and immediately became involved in a physical argument with the bartender, who is a nephew of the defendant. The plaintiff was then physically ejected from the bar. No claim is made with respect to that initial confrontation.
In dispute is the plaintiff's claim that approximately thirty CT Page 391-CC minutes later he was walking on the sidewalk going past the bar towards his car which was parked up the street, that the defendant was standing in front of the bar in the area of the sidewalk, that words were exchanged between the plaintiff and the defendant, that the plaintiff kept on walking past the bar when he was suddenly tackled from the rear by the defendant, that he was knocked into the street with the defendant ending up on top of him, and that the defendant then got up and went back to the bar. The plaintiff claims that as a result of being tackled and knocked into the street he sustained certain injuries, in particular a broken right ankle, and has suffered various financial losses.
The defendant claims that after the plaintiff was ejected from the bar he returned approximately twenty minutes later, that he entered the bar and tried to attack the bartender, that the plaintiff was drunk, that a fight occurred inside the bar during which the defendant was knocked down, that the defendant never left the bar, that the plaintiff was again thrown out of the bar, that the plaintiff did not fall down, that the plaintiff suffered no injuries, and, when last seen by the defendant, the plaintiff was running down the middle of Center Street.
The court heard evidence which supported each of the differing versions of the incident in question. However the evidence produced by the plaintiff was more credible and believable. CT Page 391-DD Accordingly, the court finds that the plaintiff has proven by a fair preponderance of the evidence that the defendant did intentionally assault him on the night in question, and did cause the plaintiff to break his ankle. The injury was caused by an intentional assault, not negligence, on the part of the defendant. In addition the court finds that the defendant has failed to prove the allegations of his counterclaim.
As a result of the assault the plaintiff sustained a spiral fracture of the distal fibula of the right ankle. He initially was examined at the Veterans Memorial Hospital, then was treated for about two months by Dr. Greco of the Meriden Orthopaedic Group, and had a cast on the ankle for about two months. He has a very minimal permanent disability of the ankle which Dr. Greco estimates to be 1-1/2% attributable to this injury. At the time of his injury the plaintiff was employed by a company in the business of cleaning offices and was earning a net of about $200.00 per week. He never returned to that company. The court finds a loss of earnings of approximately $1500.00. The bill from the hospital was $359.98, from Meriden Orthopedic Group $971.80, and X-rays $76.80.
The court finds that fair, reasonable, and just compensation for the injuries and losses caused to the plaintiff by the defendant's assault is $7500.00.
Accordingly, judgment may enter in favor of the plaintiff CT Page 391-EE against the defendant on the first count of the amended complaint in the amount of $7500.00, in favor of the defendant on the second count, and in favor of the plaintiff Worth on the counterclaim.
William L. Hadden, Jr. Judge Trial Referee